IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ASHLEY RODRIGUZ<br>3222 W 116th Street<br>Cleveland, Ohio 44111<br><br>           Plaintiff<br><br>     v.<br><br>BRIDGES REHABILITATION<br>SERVICES LLC<br>c/o Heather Lambert Keohane<br>Statutory Agent<br>30814 Schwartz Road<br>Westlake, Ohio 44145<br><br>           -and-<br><br>BRIDGES REHABILITATION<br>SERVICES TRANSPORTATION LLC<br>c/o Fkwd Corporate Services Inc<br>Statutory Agent<br>5333 Meadow Lane Court<br>Elyria, Ohio 44035<br><br>           -and-<br><br>HEATHER KEOHANE<br>30814 Schwartz Rd,<br>Westlake, Ohio 44145<br><br>           -and-<br><br>SCOTT FALKENSTEIN<br>30814 Schwartz Rd,<br>Westlake, Ohio 44145<br><br>           Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(Jury Demand Endorsed Hereon)** |



Plaintiff Ashley Rodriguez brings this action against Defendants Bridges Rehabilitation Services, LLC, Bridges Rehabilitation Services Transportation, LLC, Heather Keohane, and Scott Falkenstein, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Ohio Minimum Fair Wage Standards Act (the "Ohio Wage Law"), O.R.C. §§ 4111.15 *et seq.* The following allegations are based upon information and belief, or personal knowledge as to Rodriguez' own conduct and the conduct and acts of others.

## PARTIES

1. Rodriguez is a resident of the city of Cleveland, county of Cuyahoga, state of Ohio.

2. Bridges Rehabilitation Services LLC. ("BRS") is a domestic, for-profit corporation with its principal place of business located in the city of Berea, State of Ohio.

3. BRS offers rehabilitative programs and education for adults with developmental disabilities.

4. Bridges Rehabilitation Services Transportation LLC ("BRS Transportation") is a domestic, for-profit corporation with its principal place of business located in the city of Berea, State of Ohio.

5. BRS Transportation provides transportation services to help individuals to get to or travel between the facilities of BRS and/or the facilities of their clients

6. BRS Defendants have a common business purpose, a unified operation, and common ownership, and form a single enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and form a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

7. BRS and BRS Transportation are hereinafter referred to collectively as "BRS Defendants."

8. BRS Defendants constitute a "named enterprise" under the Fair Labor Standards Act, ("FLSA") in that they are "a school for mentally or physically handicapped" within the meaning of Section 3(s)(1)(B) of the act.



9. Keohane is, and, at all times hereinafter mentioned, was the owner of BRS Defendants, whom exercised significant control over BRS Defendants, including but not limited to establishing BRS Defendants' employment policies and procedures and pay practices, and exercising control over BRS Defendants' day-to-day operations.

10. At all times relevant herein, Keohane supervised and/or controlled Rodriguez's employment with BRS Defendants, and acted directly or indirectly in the interest of BRS Defendants in relation to their employees.

11. At all times relevant herein, Keohane was an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and of R.C § 4112.01(A)(3).

12. Falkenstein is, and, at all times hereinafter mentioned, was the Director of Operations for BRS Defendants, whom exercised significant control over BRS Defendants, including but not limited to establishing their employment policies and procedures, day-to-day operations, and pay practices.

13. At all times relevant herein, Falkenstein supervised and/or controlled Rodriguez's employment with BRS Defendants, and acted directly or indirectly in the interest of BRS Defendants in relation to their employees.

14. At all times relevant herein, Falkenstein was an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and of R.C § 4112.01(A)(3).

## JURISDICTION AND VENUE

15. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Rodriguez is alleging federal law claims arising under the Federal Labor Standards Act (FLSA), 29 U.S.C. § 207, *et seq*. Thus, this Court has original jurisdiction over the federal law claims asserted in this Complaint under 28 U.S.C. § 1331.



16. Jurisdiction is proper over Defendants in that all material events alleged in this Complaint occurred in county of Cuyahoga, the county within which BRS and BRS Transportation operate and conduct business.

17. This Court has supplemental jurisdiction over Rodriguez's state law claims under 28 U.S.C. § 1367.

18. Venue is properly placed in the United States District Court for the Northern District of Ohio, Eastern Division, because it is the district court for the district, division, and county within which Defendants operate and conduct business, and within which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTS

19. During all times material to this Complaint, Rodriguez was an "employee" of BRS Defendants within the meaning of 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D).

20. Rodriguez was hired by BRS Defendants on or around July 2, 2014.

21. BRS provides vocational, educational, and rehabilitative services to individuals with developmental disabilities.

22. According to BRS' website, www.bridgesrehab.com, BRS Transportation "offers safe and reliable transportation to help individuals get where they need, offering Non-Medical Transportation to & from all of our facilities and most of our community partners' locations."

23. BRS Defendants codetermined the essential terms and conditions of Rodriguez's employment.

24. BRS Defendants' combined influence over the essential terms and conditions of Rodriguez's employment rendered her an employee of both entities.

25. Rodriguez was jointly employed by BRS Defendants.

26. In or around June of 2015, Rodriguez was promoted and became a shift leader.



The Employee's Attorney.™

27. As a shift leader, Rodriguez' job duties included reviewing time sheets through submitted by employees, scheduling drivers, finding a replacement driver when other drivers called off, providing customer service, and working with students.

28. While working as a shift leader, Rodriguez was routinely scheduled to work a fixed 40 hours per week ("Scheduled Hours").

29. As a Shift Leader, Rodriguez was paid hourly.

30. In addition to her Scheduled Hours, Rodriguez also performed work "off the clock."

31. Defendants provided their employees with Rodriguez's personal cell phone number so they could call Rodriguez if necessary for issues related to scheduling and other matters related to the business of BRS Defendants.

32. Rodriguez routinely spent two to three hours a day "off the clock" handling business related matters for BRS Defendants.

33. As a result, since June of 2015, Rodriguez worked an average of 55 or more hours per workweek.

34. Defendants knew or should have known that Rodriguez was working "off the clock" without pay.

35. Rodriguez would regularly call Falkenstein for guidance and/or assistance as she was handling the business of BRS Defendants while working "off the clock."

36. Falkenstein knew that Rodriguez was working "off the clock" when she called him outside of her Scheduled Hours.

37. Despite Falkenstein's knowledge of the fact that Rodriguez was working "off the clock," he never instructed Rodriguez not to perform this work.

The Employee's Attorney.™

38. Despite Falkenstein's knowledge of the fact that Rodriguez was working "off the clock," Rodriguez was never paid for this time.

39. Throughout 2017, during multiple meetings with Keohane and Falkenstein, Rodriguez complained that she was not compensated for the work she performed "off the clock."

40. Defendants refused to pay Rodriguez for the work she performed "off the clock."

41. Defendants told Rodriguez that they did not have to pay her for the work she performed "off the clock" because she "could have ignored her phone."

42. In reality, Rodriguez could not ignore her phone because Defendants required her to perform the "off the clock" work; gave Rodriguez's phone number to BRS Defendants' employees for the purposes of having Rodriguez perform the "off the clock" work; and on at least one occasion had disciplined Rodriguez for failing to perform the "off the clock" work.

43. On or around April 7, 2018, Rodriguez resigned her employment with BRS Defendants.

44. At all times referenced herein, Defendants were aware of their obligations under the FLSA and the Ohio Wage Act.

45. Rodriguez was occasionally paid overtime when she worked more than 40 hours at BRS Defendants' offices.

46. Despite complying with FLSA when Rodriguez worked more than 40 hours in the office, Defendants willfully and recklessly refused to pay Rodriguez when she worked "off the clock" hours.

47. Defendants lacked good faith and/or were unreasonable in violating the FLSA with respect to Rodriguez.

The Employee's Attorney.™ 

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

48. Rodriguez restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

49. During all times material to this complaint, Rodriguez was not exempt from receiving minimum wage under the FLSA because, *inter alia*, she was not an "executive," "computer," "administrative," "inside sales," "outside sales," or "professional" employee, as defined under the FLSA. *See* 29 C.F.R. §§ 541.0, et seq.

50. Rodriguez was non-exempt at all times material to the Complaint by the virtue of the fact that she was paid hourly.

51. During all times material to this Complaint, Defendants violated the FLSA by failing to compensate Rodriguez at a rate of time-and-one-half of her regular rate of pay for all time she worked in excess of 40 hours per workweek prescribed by 29 U.S.C. § 207.

52. During all times material to this complaint, Defendants willfully and/or recklessly violated 29 U.S.C. § 207.

53. In violating the FLSA, Defendants without a good faith basis, unreasonably, and in reckless disregard of clearly applicable FLSA provisions.

54. As a direct and proximate cause of Defendants' conduct, pursuant to 29 U.S.C. § 216(b), Defendants are liable to Rodriguez for the full amount of her overtime pay, and an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

## COUNT II: VIOLATION OF THE OHIO WAGE ACT

55. Rodriguez restates each and every prior paragraph of this Complaint, as if it were fully restated herein.



56. The Ohio Wage Act requires that covered employer pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of 40 hours in one workweek. O.R.C. §§ 4111.03, et seq.

57. During all times material to this complaint, BRS Defendants were covered employers required to comply with the Ohio Wage Act's mandates.

58. During all times material to this complaint, Rodriguez was a covered employee entitled to individual protection of the Ohio Wage Act.

59. Defendants violated the Ohio Wage Act with respect to Rodriguez by, *inter alia*, failing to pay Rodriguez at a rate of time-and-one-half of her regular rate of pay for all time she worked in excess of 40 hours per workweek.

60. Defendants without a good faith basis and in reckless disregard of clearly applicable Ohio Wage Act provisions.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Ashley Rodriguez requests judgment against Defendants Defendants Bridges Rehabilitation Services, LLC, Bridges Rehabilitation Services Transportation, LLC, Heather Keohane, and Scott Falkenstein and for an Order:

(a) Awarding to Rodriguez all unpaid overtime wages due as determined at trial together with an equal amount of liquidated damages as required by the FLSA;

(b) Awarding Rodriguez reasonable attorneys fees and costs;

(c) Awarding Rodriguez any such other and further relief as the Court deems just and proper; and

(d) For a judgment against Defendants for all damages, relief, or any other recovery whatsoever.

8



        Respectfully submitted,

        */s/ Chris P. Wido*
        Chris P. Wido (0090441)
        **THE SPITZ LAW FIRM, LLC**
        25200 Chagrin Road, Suite 200
        Beachwood, Ohio 44122
        Phone: (216) 291-4744
        Fax:     (216) 291-5744
        Email: chris.wido@spitzlawfirm.com

        *Attorney for Plaintiff Ashely Rodriguez*

## JURY DEMAND

Plaintiff Ashely Rodriguez demands a trial by jury by the maximum number of jurors permitted.

        */s/ Chris P. Wido*
        Chris P. Wido (0090441)
        **THE SPITZ LAW FIRM, LLC**

